■ Carole Fontus et al., Respondents, v D & J School Bus et al., Appellants. [670 NYS2d 367] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Barasch, J.), dated April 24, 1997, which granted the plaintiffs' motion to strike the fifth affirmative defense and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting therefrom the provision granting the plaintiffs' motion to strike the fifth affirmative defense and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the defendants.

The plaintiff Carole Fontus was allegedly injured when she was struck by a school bus owned by the defendant D & J School Bus, which was leased and operated by the defendant DT Transportation, Inc. The driver of the bus is the defendant Pasquale Amodei. Carole Fontus and her husband, asserting derivative claims, thereafter commenced this action to recover damages for personal injuries. As a fifth affirmative defense, the defendants alleged that Carole Fontus and Amodei were coemployees within the meaning of Workers' Compensation Law § 29 (6) and that this action was therefore barred by the exclusivity provisions thereof. In the order appealed from, the Supreme Court granted the plaintiffs' motion to strike that defense and denied the defendants' cross motion for summary judgment dismissing the complaint pursuant to that defense. We now modify.

Issues of fact exist, *inter alia*, as to the identities of the employers of Carole Fontus and Amodei, and the relationship between the various corporations involved in this case and the employers. Because the resolution of these and other factual issues will impact upon a determination as to whether Carole Fontus and Amodei were coemployees and, therefore, whether Workers' Compensation Law § 29 (6) applies, the court erred in striking the defendants' fifth affirmative defense (*see, Rosenburg v Angiuli Buick,* 220 AD2d 654; *Kaplan v Bayley Seton Hosp.,* 201 AD2d 461). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.